## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| SHEILA M. BOSSIER, et al., | § | |
|     Plaintiffs, | § | |
| | § | |
| v. | § | Civil Action No. 3:17-CV-1454-L-BK |
| | § | |
| FREESE & GOSS PLLC, et al., | § | |
|     Defendants. | § | |

### FINDINGS, CONCLUSIONS AND RECOMMENDATION
### OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to District Judge Lindsay's *Order of Reference*, Doc. 44, and 28 U.S.C. §

636(b)(1)(B) & (C), this cause is now before the Court for the submission of findings of fact and

a recommendation for the disposition of *Defendants' Motion to Dismiss or Alternatively to*

*Consolidate Case with Related Case*, Doc. 39.  For the reasons stated herein, the Court

recommends that Defendants' motion to dismiss be **GRANTED**, Plaintiffs' claims be

**DISMISSED WITHOUT PREJUDICE** to being asserted as compulsory counterclaims in

Case. No. 3:17-CV-0360-L, and Defendants' motion to consolidate be **DENIED AS MOOT**.

### A.    Background

#### 1.    The Underlying Dispute

This action arises from the former working relationship between Sheila M. Bossier, a

Mississippi-based attorney, and Freese & Goss, PLLC ("F&G"), a Texas-based law firm.  Ms.

Bossier alleges that in 2010, F&G entered into a joint venture with her firm, effectively

converting her practice into its Mississippi office and promising "that she would one day share in

the firm's financial success as well as be an owner of the firm."  Doc. 1-1 at 7-8.  In 2013, based

on the alleged representation that she would be paid "a guaranteed monthly salary, plus

guaranteed bonuses from all of the firm's case settlements, not just the cases [she] originated,"

Ms. Bossier joined F&G as a non-equity partner.  Doc. 1-1 at 8.  However, Ms. Bossier resigned

from F&G in June 2016 after growing dissatisfied with her remuneration, believing it to be much

less than that which was originally promised.  Doc. 1-1 at 11-20.  Thereafter, Ms. Bossier filed a

request for pre-suit discovery, which prompted F&G and its principals, Richard A. Freese and

Tim Goss (collectively "the F&G Parties"), to file suit (the details of which follow) several days

before a hearing on the pre-suit discovery was to be held.  Doc. 1-1 at 20-21.

### 2.  The Related Action

In January 2017, the F&G Parties filed their *First Amended Petition* in Texas state court,

seeking a declaratory judgment against Ms. Bossier and her law firm, Bossier & Associates,

PLLC (collectively, "the Bossier Parties"), in an effort "to clarify the rights, status, legal

relations and obligations of the parties as related to the non-equity member agreement and joint

venture agreements" ("the Related Action").  [Doc. 1 at 41, 51-53].[1]  On February 7, 2017, the

Bossier Parties removed the Related Action to this District on the basis of diversity jurisdiction,

*see Freese & Goss, PLLC, et al. v. Sheila M. Bossier, et al.*, Case No. 3:17-CV-0360-L (N.D.

Tex.), and contemporaneously moved to dismiss the F&G Parties' claims or, alternatively, to

transfer the Related Action to the United States District Court for the Southern District of

Mississippi.  *See* [Doc. 1]; [Doc. 4].  On March 6, 2017, the Bossier Parties filed a Counterclaim.

*See* [Doc. 10].  In August 2017, District Judge Lindsay accepted the magistrate judge's

recommendation denying the Bossier Parties' motion.  *See* [Doc. 16]; [Doc. 21].

### 3.  The Instant Action

On February 2, 2017, the Bossier Parties filed the instant action against the F&G Parties

in Mississippi state court, stemming from allegations that the F&G Parties failed to properly

---

[1] Citations to the docket in the Related Action will be denoted with brackets.  E.g., [Doc. 1].

remunerate her in breach of the parties' non-equity member and joint venture agreements.  Doc.
1-1 at 22-24.  The F&G Parties subsequently removed the action to the Southern District of
Mississippi, where, in March 2017, they moved to dismiss the Bossier Parties' claims for failure
to file them as compulsory counterclaims in the Related Action or, alternatively, to transfer the
case to this District.  *See* Doc. 3; Doc. 4 at 1-2.  In June 2017, the District Court for the Southern
District of Mississippi transferred the case to this Court.  *See* Doc. 31; Doc. 32.

  Later that month, the F&G Parties filed the motion *sub judice*, moving to dismiss the
Bossier Parties' claims for failure to file them as compulsory counterclaims in the Related Action
or, alternatively, to consolidate this case with the Related Action.  Doc. 39 at 4.  In response, the
Bossier Parties contend that the Court should either (1) deny the motion to dismiss or hold its
ruling in abeyance until the Bossier Parties' dispositive motion pending in the Related Action is
ruled on; (2) deny the motion to dismiss as duplicative of the dismissal motion that was already
ruled on by the Southern District of Mississippi; or (3) deny the motion to consolidate, as it
would lead to unnecessary confusion and unfairly prejudice the Bossier Parties.  Doc. 42 at 1-2.

  In reply, the F&G Parties argue that (1) the Court need not wait for the disposition of the
dispositive motion pending in the Related Action; (2) the Southern District of Mississippi never
reached the merits of the F&G Parties' previous dismissal motion; and (3) consolidation would
be both judicially economic and efficient.  Doc. 43 at 1-6.  As the Motion to Dismiss disposes of
all the Bossier Parties' claims, the Court does not address the alternative relief requested by the
Motion to Consolidate.

**B.**    <u>**Applicable Law**</u>

  Rule 13(a) of the Federal Rules of Civil Procedure requires that a pleading must state as a
compulsory counterclaim any claim that, at the time of its service, the pleading party has against

3

an opposing party, "if the claim . . . arises out of the transaction or occurrence that is the subject matter of the opposing party's claim." FED. R. CIV. P. 13(a)(1)(A).  To determine whether a claim and a counterclaim arise from the same transaction, a court must ask the following four questions: (1) whether the issues of fact and law involved in the claim and counterclaim are largely the same; (2) whether res judicata would bar a subsequent suit on the defendant's claim absent the compulsory counterclaim rule; (3) whether substantially the same evidence will support or refute the plaintiff's claim as well as the defendant's counterclaim; and (4) whether there is any logical relationship between the claim and the counterclaim. *Plant v. Blazer Fin. Servs., Inc.*, 598 F.2d 1357, 1360 (5th Cir. 1979).  An affirmative answer to any of these questions means that the counterclaim is compulsory. *Id.*  Upon finding that a compulsory counterclaim has been "brought as an independent action while the first action is still pending, the proper response is to dismiss, enjoin, or stay the second action." *Directory Int'l, Inc. v. Bates Mfg. Co.*, 91 B.R. 738, 741 (N.D. Tex. 1988) (Fitzwater, J.) (citations omitted).

## C.    **Analysis**

As an initial matter, the Bossier Parties do not dispute that their claims are compulsory counterclaims. *See* Doc. 42.  Indeed, a review of the underlying facts and claims asserted in the Related Action and this action compels affirmative answers to multiple *Plant* queries.  For instance, in the Related Action, the F&G Parties seek a declaration that the Bossier Parties are not owed any additional remuneration under the terms of the agreements between the parties. *See* [Doc. 1 at 41-42, 51-53].  These allegations involve essentially the same questions of law and fact at issue in this action where the Bossier Parties assert numerous claims related to the same agreements and contend that they *are* owed additional remuneration. *See* Doc. 1-1 at 22-35; *Plant*, 598 F.2d at 1360.  Moreover, the substantial overlap between the Bossier Parties'

claims in this action and the F&G Parties' claims in the Related Action – a factor motivating the

Southern District of Mississippi's decision to transfer the instant action to this District –

evidences the logical relationship between the claims. *Plant*, 598 F.2d at 1360; *see* Doc. 31 at 3

(order on motion to transfer, noting that "[a]t bottom, both [the instant action and the Related

Action] concern the Bossier parties' rights to remuneration above that which they have already

received for their work for F&G"); *see also United States v. Cushman & Wakefield, Inc.*, 275 F.

Supp. 2d 763, 778 (N.D. Tex. 2002) (Fish, C.J.) (finding a logical relationship between the

claims and counterclaims where "the facts and circumstances concerning the . . . claims

appear[ed] to overlap with [the] counterclaims"); *Nat'l Liab. & Fire Ins. Co. v. R & R Marine,*

*Inc.*, 756 F.3d 825, 835 (5th Cir. 2014) ("There is a logical relationship between National's

disclaimer of liability and Hornbeck's counterclaim that National *is* liable since the same facts

underlie both causes.") (emphasis in original).

     The Bossier Parties' request that the Court deny this motion to dismiss or hold its ruling

in abeyance until their dispositive motion in the Related Action is ruled on is moot, the

dispositive motion having been denied. *See* [Doc. 16]; [Doc. 21].  Equally unpersuasive is the

Bossier Parties' argument that, through the instant motion to dismiss, the F&G Parties "seek[ ]

the same relief that has already been denied by" the Southern District of Mississippi.  Doc. 42 at

6.  In support, the Bossier Parties point to a portion of the order transferring the instant action to

this District:

> This removed case is before the Court on Defendant Freese & Goss, PLLC's
> Motion to Dismiss or, Alternatively, to Transfer . . . . For the reasons that follow,
> the motion is granted in part to the extent that the case will be transferred to the
> United States District Court for the Northern District of Texas, Dallas Division.
> **The motion is otherwise denied**.

Doc. 42 at 5-6 (quoting Doc. 31 at 1) (emphasis in original).  However, as the F&G Parties note, in transferring the case, the Southern District of Mississippi explicitly declined to reach the merits of the motion to dismiss, stating that "[b]ecause the Court finds that transfer is proper under the first-to-file rule, it need not reach dismissal[.]" Doc. 31 at 2.  Thus, the F&G Parties' previous motion to dismiss was never substantively addressed.

In sum, the Bossier Parties' claims in this action arise from "the same transaction or occurrence" as the F&G Parties' claims in the Related Action, and are thus compulsory counterclaims. FED. R. CIV. P. 13(a)(1); *see Conceal City, L.L.C. v. Looper Law Enf't, LLC*, No. 10-CV-2506-D, 2013 WL 5786281, at *6 (N.D. Tex. Oct. 28, 2013) (Fitzwater, C.J.) (claims were compulsory counterclaims where they could "be described as offshoots of the same basic controversy between the parties") (citation and internal quotation marks omitted).  Accordingly, the Bossier Parties' compulsory counterclaims, which have been asserted in this action as independent claims, are subject to dismissal. FED. R. CIV. P. 13(a); *Directory International*, 91 B.R. at 741.

As stated *supra*, the Bossier Parties have already filed a Counterclaim in the Related Action, which includes some, but not all, of the claims asserted in this action.  *Compare* [Doc. 10 at 22-27] *with* Doc. 1-1 at 22-34.  In an effort to accommodate any disparities existing between the claims asserted in the Counterclaim and those asserted in this action, the F&G Parties ask that, in the event their motion to dismiss is granted, the Bossier Parties be granted leave in the Related Action to amend their Counterclaim to assert any additional claims.  Doc. 39 at 10; Doc. 43 at 3.  The Bossier Parties do not object to such an arrangement, which appears to the Court to be a reasonable and judicially economic solution that advances the goals of Rule 13(a).  *See S. Construction Co. v. Pickard*, 371 U.S. 57, 60 (1962) (noting that the purpose of Rule 13(a) is "to

prevent multiplicity of actions and to achieve resolution in a single lawsuit of all disputes arising out of common matters"). Accordingly, if this recommendation is accepted, the Bossier Parties should be granted leave in the Related Action to amend their Counterclaim to add any additional claims against the F&G Parties.

D.    **Conclusion**

In light of the foregoing, the Court recommends that Defendants' motion to dismiss be **GRANTED**, Plaintiffs' claims be **DISMISSED WITHOUT PREJUDICE** to being asserted as compulsory counterclaims in Case No. 3:17-CV-0360-L, and Defendants' motion to consolidate be **DENIED AS MOOT**.

**SO RECOMMENDED** on October 4, 2017.

RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## <u>NOTICE OF RIGHT TO APPEAL/OBJECT</u>

A copy of this report and recommendation shall be served on all parties in the manner provided by law.  Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); F<small>ED</small>. R. C<small>IV</small>. P. 72(b).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

8